HILL, Circuit Judge,
dissenting:
Under our de novo review, the district court correctly granted FedEx’s motion for summary judgment as a matter of law.
The undisputed evidence establishes that, as a matter of law, appellant must hold a commercial driver’s license (in order to test drive commercial motor vehicles), and pass a DOT medical examination, as both are essential functions of the technician position for which he applied.
The majority is misplaced when it bases its analysis on the individual employee, who may or may not operate commercial motor vehicles in interstate commerce. The pertinent regulations apply to employers who operate commercial motor vehicles in interstate commerce.[1]
The majority errs when it relies on the fact that the technician position applied for was in Ft. Myers, far from the Georgia-Florida state line. Therefore, m all probability, no test drive would ever approach interstate commerce. But tell me, how far north must we go in the State of Florida for this line to start to blur and the possibility of interstate commercial travel to become more real?
If a technician “rarely or ever” drove across state lines, would that mean the regulation would “rarely or ever” be violated? Would the fact that a Ft. Myers technician “would likely never be” required to cross state lines, mean the regulation “would likely never be violated?”
For these reasons, the majority approach is flawed. The appellant here cannot drive because he did not pass the physical exam. FedEx correctly rescinded his conditional offer of employment.
The district court should be affirmed.

. Indeed, if FedEx were to allow a technician to operate one of its commercial motor vehicles without a commercial driver’s license and without a valid DOT medical certification, FedEx could be subject to both criminal and civil liabilities.